IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM SIMMONS, | ) |
| | ) |
| Plaintiff, | ) Case No. 15-cv-4670 |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| THOMAS DART, CARA SMITH, | ) Judge Sara L. Ellis |
| EARL TUCKER, and OFFICER | ) |
| JACKSON, | ) |
| | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff William Simmons, by his attorneys, Dylan Smith and Joseph A. Schlitter of Freeborn & Peters LLP, and for his second amended complaint against Defendants, Sheriff Thomas Dart, the Sheriff of Cook County, Illinois ("Sheriff Dart"), Cara Smith, Executive Director of the Cook County Department of Corrections ("Director Smith"), Lieutenant Earl Tucker, correctional officer at the Cook County Jail ("Lieutenant Tucker"), and Officer Jackson, correctional officer at the Cook County Jail ("Officer Jackson") (collectively, the "Defendants"), alleges and states as follows:

### INTRODUCTION

1. This is a civil rights action seeking relief pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's Fourteenth Amendment rights that occurred while he was confined as a pretrial detainee at the Cook County Jail in Chicago, Illinois.

## PARTIES

2. Plaintiff is a citizen of the State of Illinois and resides in West Frankfort, Franklin County, Illinois. At all relevant times, Simmons was incarcerated at the Cook County Jail as a pretrial detainee.

3. Defendant Sheriff Dart was at all relevant times the Sheriff of Cook County, Illinois, with responsibilities for management and oversight of the Cook County Jail.

4. Defendant Director Smith was at all relevant times the Executive Director of the Cook County Department of Corrections, with responsibilities for management and oversight of the Cook County Jail.

5. Defendant Lieutenant Tucker was at all relevant times a correctional officer at the Cook County Jail.

6. Defendant Officer Jackson was at all relevant times a correctional officer at the Cook County Jail.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Fourteenth Amendment to the United States Constitution and seeks to redress deprivations under color of State law of civil rights secured by the Constitution and Acts of Congress.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claim occurred within this judicial district

## FACTS

9. From approximately January 15, 2015, to August 31, 2015, Simmons was incarcerated at the Cook County Jail as a pretrial detainee pending trial.

10. During Simmons's confinement at the Cook County Jail, the conditions in Simmons's dorm were decrepit and hazardous to his health. These conditions included, among other issues, pest problems, dripping water, chipped paint, exposed mesh wire, crumbling plaster, mildew, and mold.

11. The conditions in Simmons's dorm were pervasive throughout Simmons's entire division at the Cook County Jail.

12. On or about April 10, 2015, Simmons notified Officer Jackson that the overall conditions within both his jail division, Unit/Tier C – Division 11, and his particular dorm, were extremely poor and hazardous to his health.

13. Specifically, Simmons informed Officer Jackson that his division and dorm suffered from the problems described above.

14. Shortly after Simmons informed Officer Jackson about the hazardous conditions in his division and dorm, Simmons walked through his dorm with Officer Jackson and Lieutenant Tucker and personally pointed out each one of the hazardous conditions to the correctional officers.

15. Officer Jackson and Lieutenant Tucker assured Simmons that most of the problems in his division and dorm, notably the pest control problem, would be corrected within 24 business hours. The problems never were corrected.

16. Based on publicly available information, including findings of the U.S. Department of Justice, Defendants Dart and Smith have been on notice for several years of substandard conditions at the Cook County Jail, including issues related to ventilation, sanitation, and pest control, as well as of the Cook County Jail's persistent failure to correct those conditions in a timely manner.

17. The conditions described above in paragraph 10 posed a substantial risk of serious harm to Simmons's health and safety.

18. Defendants were each aware of the substantial risk of serious harm that the dorm and division conditions posed to Simmons. Despite that knowledge, and in deliberate indifference to Simmons's health and safety, Defendants consciously failed to take reasonable measures to correct those conditions and prevent that harm to Simmons.

19. As a direct and proximate result of Simmons's prolonged exposure to the hazardous conditions within his division and dorm at the Cook County Jail, Simmons developed serious respiratory symptoms, including a persistent cough and bronchial irritation.

20. Simmons's severe respiratory condition, including his persistent cough and bronchial irritation, constitutes an objectively serious medical condition.

21. Defendants violated Simmons's Fourteenth Amendment rights through their deliberate indifference to his health and safety.

## JURY DEMAND

Simmons demands a trial by jury on any and all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Simmons prays for the following relief:

(A)  That the Court enter judgment in favor of Simmons and against Defendants;

(B)  That the Court award damages to Simmons in an amount to be determined at trial;

(C)  That the Court award Simmons punitive damages;

(D)  That the Court award Simmons his reasonable costs and attorneys' fees; and

(E)  That the Court grant Simmons such other and further relief as the Court deems just and equitable.

Dated: February 28, 2017

Respectfully submitted,

WILLIAM SIMMONS

By: /s/ Joseph A. Schlitter
One of His Attorneys

Dylan Smith
Joseph A. Schlitter
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606-6677
312.360.6000
dmsith@freeborn.com
jschlitter@freeborn.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on the date shown below he caused the foregoing document to be filed electronically in the United States District Court for the Northern District of Illinois via the Court's electronic filing system, which will send an electronic notice and a copy of the document to all counsel of record.

Dated: February 28, 2017            /s/ Joseph A. Schlitter
                                                    *Attorney for Plaintiff William Simmons*